IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRUCE A. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:09-CV-133 |
| ) | |
| WILLIAM WILSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### OPINION AND ORDER

This matter is before the Court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the Court **DISMISSES** this complaint pursuant to 28 U.S.C. Section 1915A(b)(1) because the complaint is untimely and is barred by the statute of limitations.

BACKGROUND

*Pro se* Plaintiff, Bruce Smith ("Smith"), who is currently confined at the Wabash Valley Correctional Facility, filed a complaint pursuant to 42 U.S.C. Section 1983, alleging the violation of his federally protected rights while he was confined at the Westville Correctional Unit. Smith alleges that in April of 2006, the Defendants used excessive force to take away his medically prescribed eye glasses and did not replace his glasses

1

until November of 2006.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), a court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (quotation marks omitted). In the context of *pro se* litigation, the Court has stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

2

pleadings drafted by lawyers." *Id.* (internal citation and quotation marks omitted).

Smith states that he arrived at the Westville Correctional Unit on April 13, 2006. (Complaint, p. 8.) The next day, April 14, 2006, a nurse told Smith that his wire rimed glasses were contraband. (*Id.*) When he refused to give them up, correctional officers maced him and then "entered Smith's cell, subdued him, and took his medically prescribed eye glasses." (Complaint, p. 9.) For several months he tried to have his glasses replaced, but "Smith did not receive a pair of medically prescribed eye glasses until November 2006. All the facts above constitutes cruel and unusual punishment violating this Plaintiff's Eighth (8th) Amendment right." (Complaint, p. 14.)

Because there is no federal statute of limitations for actions filed pursuant to Section 1983, courts apply the most appropriate state statute of limitations. *Bell v. City of Milwaukee*, 746 F.2d 1205, 1229 (7th Cir. 1984). Section 1983 claims are considered personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." *Doe v. Howe Military School*, 227 F.3d 981, 988 (7th Cir. 2000); *see also Snoderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (two-year statute of

limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

The Clerk of this Court received the complaint in this case on March 25, 2009. The "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988), under which a prisoner's submissions to the court are to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the district court, applies to the initial filing of complaints with the court. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995). At the screening stage, this Court normally accepts the date a prisoner signs the complaint as the date he delivered it to prison officials for mailing.

Because Smith signed his complaint on March 16, 2009, the Court considers any events occurring before March 16, 2007, as beyond the statute of limitations. Because all of the events alleged in the complaint occurred more than two years before he filed his complaint, Smith's claims are barred by the statute of limitations.

CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this complaint pursuant to 28 U.S.C. Section 1915A(b)(1) because the complaint is untimely and is barred by the statute of limitations.


**DATED:  April 2, 2009**                             /s/RUDY LOZANO, Judge
                                                      **United States District Court**

5