```
IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF INDIANA
              SOUTH BEND DIVISION
```

BRUCE A. SMITH,                )
                               )
Plaintiff,                     )
                               )
vs.                            ) CAUSE NO. 3:09-CV-133
                               )
WILLIAM K. WILSON, *et al.*,   )
                               )
Defendants.                    )

## OPINION AND ORDER

This matter is before the Court on the Motion to Reconsider (DE #7) the dismissal of Plaintiff's Complaint pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Reconsider.

BACKGROUND

*Pro se* Plaintiff, Bruce A. Smith ("Smith"), filed a Complaint pursuant to 42 U.S.C. § 1983, alleging the violation of his federally protected rights while he was confined at the Westville Correctional Unit ("WCU"). In his Complaint, Smith alleges that in April of 2006, the Defendants used excessive force to take away his medically prescribed eye glasses and did not replace them until November of 2006. The Court dismissed Smith's Complaint pursuant to 28 U.S.C. Section 1915A(b)(1) because it is untimely and is barred by the statute of limitations. Smith now argues that the

statute of limitations was tolled while he exhausted his Indiana Department of Corrections ("IDOC") administrative remedies as required by 42 U.S.C. § 1997e(a) and that at least some of his claims are timely.

DISCUSSION

Smith stated in his Complaint that he was told shortly after he arrived at the WCU in April 2006 that his wire rimed glasses were contraband. (DE #1, Compl., p. 8.) When he refused to give them up, correctional officers maced him and then "entered Smith's cell, subdued him, and took his medically prescribed eye glasses." (*Id*. at 9.) For several months he tried to have his glasses replaced, but "Smith did not receive a pair of medically prescribed eye glasses until November 2006." (*Id*. at 14.)

Because there is no federal statute of limitations for actions filed pursuant to Section 1983, courts apply the most appropriate state statute of limitations. *Brademas v. Indiana Hous. Fin. Auth.*, 354 F.3d 681, 685 (7th Cir. 2004). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." *Doe v. Howe Military School*, 227 F.3d

2

981, 988 (7th Cir. 2000); *see also Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). Federal law determines the accrual of a claim, which generally occurs "when the plaintiff knows or has reason to know of the injury giving rise to the cause of action." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

In its screening order, the Court concluded that the Complaint was filed on March 16, 2009, the date he signed it, and that any events occurring before March 16, 2007, were beyond the statute of limitations. (DE #4, p. 4.)

Smith does not state whether he brings his Motion to Reconsider pursuant to Rule 59 or 60 of the Federal Rules of Civil Procedure. Because he filed his Motion within 10 days of judgment, and because he asserts an error of law or fact, the Court construes his Motion as one pursuant to Fed. R. Civ. P. 59.

> Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake,

> excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, 'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.' Rule 59(e), by contrast, requires that the movant 'clearly establish' one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (internal citations omitted).

In his Motion for Reconsideration, Smith argues that the statute of limitations was tolled while he exhausted his IDOC administrative remedies as required by 42 U.S.C. § 1997e(a). Section 1997e(a) provides that prisoners must utilize any available prison grievance procedure before they may file a Section 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731, 733-34 (2001); *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999).

Smith argues that he did not exhaust his administrative remedies until March 26, 2007, when he completed the grievance process. Accordingly, he asserts that his Complaint, which was filed on March 16, 2009, was timely as to the claims against three of the defendants. (DE #7, p. 4.)

When federal courts borrow state statues of limitations in Section 1983 actions, they must borrow the state's tolling provisions as well. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). In that case, which was filed by an Illinois prisoner, the district court dismissed the complaint based on the two year

4

Illinois statute of limitations. The United States Court of Appeals for the Seventh Circuit noted that:

> Section 1983 does not contain an express statute of limitations, so federal courts adopt the forum state's statute of limitations for personal injury claims. In Illinois, the limitations period for § 1983 cases is two years. Moreover, because the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application, federal courts must also borrow the state's tolling rules – including any equitable tolling doctrines.

*Johnson*, 272 F.3d at 521 ) (citations, quotation marks and ellipsis omitted). In *Johnson*, the Seventh Circuit concluded that under the Illinois tolling statute, the statute of limitations was tolled while a prisoner completed the administrative grievance process pursuant to 42 U.S.C. § 1997e(a). Accordingly, if Indiana's tolling provisions also allow for tolling the statute while a prisoner exhausts his administrative remedies, then some or all of Smith's claims may be timely.

However, under Indiana law, courts have found the following:

> In relation to the notice provision under the Tort Claims Act, the court in *Coghill v. Badger*, Ind.App., 418 N.E.2d 1201, 1207 reflected:
>
>> To date neither the courts nor the legislature have authorized an extension of the statutorily proscribed notice period for causes other than incompetence and neither shall we.
>
> Similarly, a statute of limitation can be extended only in the following instances: (1)

5

> legal disabilities, which include incompetency, minority, imprisonment, non-residency under certain circumstances, and war, IND. CODE 34-1-2-5, 19 I.L.E. *Limitation of Action*, Sec. 61; (2) death in certain instances, IND.CODE 34-1-2-7; and (3) concealment IND.CODE 34-1-2-9. 19 I.L.E. *Limitation of Action*, Sec. 67.

*Walker v. Memering*, 471 N.E.2d 1202, 1204 (Ind. App. 1984).

Indiana law provides that the statute of limitations is tolled for non-resident defendants under certain circumstances, where the defendant has concealed the facts from the plaintiff, or if the person was under a legal disability at the time the cause of action accrued. *See* I.C. 34-11-4-1; I.C. 34-11-5-1; I.C. 34-11-6-1. At one time, imprisonment constituted a legal disability under Indiana law. *Walker*, 471 N.E.2d. at 1204. However, that provision has been repealed and the relevant Indiana statute now states that "'under legal disabilities' includes persons less than eighteen (18) years of age, mentally incompetent, or out of the United States." I.C. 1-1-4-5(24). Accordingly, under Indiana law, the statute of limitations was not tolled while Smith exhausted his administrative remedies.

In some circumstances, the doctrine of equitable tolling might assist Smith in avoiding the statute of limitations. Indiana law does recognize a form of the doctrine of equitable tolling. *See Wabash Grain, Inc. v. Smith*, 700 N.E.2d 234, 239-40 (Ind. App. 1998). The doctrine of equitable tolling provides that "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so." *Heck v.*

*Humphrey*, 997 F.2d 355, 357 (7th Cir. 1993) (citation omitted), *aff'd*, 512 U.S. 477 (1994). For example, if prison officials took more than two years to complete the grievance proceedings, then obviously Smith could not have been reasonably expected to file his complaint within two years, and the doctrine of equitable tolling would preclude the dismissal of his complaint as untimely.

Here, however, Smith states that he arrived at the WCU on April 13, 2006. (DE #1, Compl., p. 8.) The next day, April 14, 2006, a nurse told Smith that his wire rimed glasses were contraband. (*Id*.) When he refused to give them up, correctional officers maced him and then "entered Smith's cell, subdued him, and took his medically prescribed eye glasses." (*Id*. at 9.). For several months he tried to have his glasses replaced, but "Smith did not receive a pair of medically prescribed eye glasses until November 2006." (*Id*. at 14.)

The claims Smith presents in his Complaint arose between April and November of 2006. He states in his Motion to Reconsider that he completed the grievance process on March 26, 2007. (DE #7, p. 4.) This means that he had over thirteen months from the time he completed the grievance procedure within which to file his Complaint as to claims that arose in April 2006, and over nineteen months within which to file a Complaint dealing with the claims that concluded in November 2006. Accordingly, the doctrine of equitable tolling does not assist Smith in avoiding dismissal based on the statute of limitations.

CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Reconsider (DE #7).


**DATED: October 22, 2009**          /s/RUDY LOZANO, Judge
                                     **United States District Court**